IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID PATRICK WORRELL          :

    Petitioner                     :

    v.                             :     Civil Action No. AMD-07-1611

JOHN J. LAMANNA and            :
ATTORNEY GENERAL FOR THE STATE
OF MARYLAND                    :

    Respondent                     :

...o0o...

MEMORANDUM

This petition for writ of habeas corpus, filed June 14, 2007, seeks review of petitioner's 1996 conviction for possession of a controlled dangerous substance in the Circuit Court for Harford County, Maryland.  Paper No. 1. Respondents filed an answer on August 1, 2007, alleging the petition should be dismissed because it is untimely and petitioner is no longer in custody.  Paper No. 5.  Petitioner filed a reply alleging the petition is timely and states a basis for federal habeas relief. Paper No. 6.  Upon review of the papers filed, the court finds a hearing in this matter unnecessary.  For the reasons that follow, the petition must be dismissed.

Petitioner is an inmate at the Federal Correctional Institution in Edgefield, South Carolina, serving a 12 ½ year sentence imposed on or about March 1, 2004.  Paper No. 1 at p. 25. On December 20, 1996, petitioner pled guilty to possession of a controlled dangerous substance in the Circuit Court for Harford County.  Paper No. 5 at Ex. 1. He was sentenced to serve 15 years, all but 18 months suspended  with five years probation. *Id*.; Paper No. 1 at p. 24. After the Maryland sentence was served, petitioner was convicted in another state and Maryland authorities sought to revoke his probation. The warrant for violation of probation remained outstanding until April 11,

2007.   Paper No. 5 at Ex. 1 and 4.

Petitioner asserts his petition is timely because his federal conviction occurred on March 1, 2004, and the state conviction was relied upon for enhancement of that sentence. Paper No. 6 at p. 2.  He states that the probation violation warrant was pending as of April 11, 2007, and it "would have subjected petitioner to additional jailtime for 'in custody' purposes." *Id*. In short it appears petitioner seeks to challenge the validity of his Maryland conviction for purposes of later revisiting the propriety of his federal sentencing.

Under 28 U.S.C. §§ 2241(c)(3) and 2254(a), federal courts have jurisdiction to entertain applications for habeas corpus only if petitioner is "in custody" in violation of laws, treaties or Constitution of United States.  The custody requirement does not necessarily mean actual physical detention in jail or prison. Rather, the term is to be liberally construed as "restraints on a man's liberty, restraints not shared by the public generally." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963).  While probation involves a possibility of incarceration (for a violation) and thus may qualify as custody for purposes of federal habeas relief, it does not qualify as such where the probationary period has expired. *See, e.g,. Tinder v. Paula*, 725 F. 2d 801, 803 (1st Cir. 1984) (probationary period expired three and one-half months before federal habeas petition filed). In the instant case, petitioner's probation supervision was terminated on April 4, 2007, when Parole Agent Jehnert filed a letter in the Circuit Court for Harford County indicating that "the Petition to Revoke Probation has been withdrawn and the file may be closed accordingly."  Paper No. 5 at Ex. 4. Because he is no longer at risk of being incarcerated in respect to the Maryland sentence challenged here, petitioner is not in custody for purposes of challenging the validity of the conviction. To the extent that the Maryland conviction was used to enhance petitioner's federal sentence, the

enhancement does not make the expired sentence subject to federal habeas review. *See Maleng v. Cook*, 490 U. S. 488, 492-93 (1989) (being in custody pursuant to a subsequent conviction does not satisfy custody requirement to challenge expired sentence.)

    For these reasons, the petition will be dismissed. An order follows.


Date: October 12, 2007                                                    _/s/_____
                                                                                  Andre M. Davis
                                                                                  United States District Judge